UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:12-cr-65-01-PB |
| ) | |
| JAMES BENDER ) | |

## INDICTMENT

The Grand Jury charges:

### Introduction

At all times material to this indictment:

1. The Export-Import Bank of the United States ("Ex-Im Bank") is the official export credit agency of the United States. Its mission is to assist in financing the export of U.S. goods and services to international markets by, among other things, providing loan guarantees and credit insurance to facilitate the extension of credit to foreign purchasers of U.S. capital goods and services.

2. Goss International Americas Corporation ("Goss") is a company with offices in Durham, New Hampshire, that manufactures commercial printing presses, which it sells to customers worldwide.

3. From in and around 1999 through in and around February, 2008, P.W., a person known to the Grand Jury, was employed by Goss as the International Trade Finance Manager. P.W.'s job responsibilities included securing financing through Goss for foreign purchasers of Goss's products and working with Ex-Im Bank to obtain credit insurance for loans extended to Goss's foreign customers. P.W. also arranged to sell the loans Goss extended to its foreign customers to banks.

4. From in and around 2005, through October 2008 and beyond, the defendant, James Bender, was employed by Sovereign Bank and eventually held the position of Vice President of Trade Finance. The defendant's job responsibilities included arranging for Sovereign Bank to purchase loans that Goss made to its foreign customers for which Ex-Im Bank had issued credit insurance.

5. Grupo Grafico Arenal S.A. de C.V. ("Grupo Grafico") was a Goss customer based in Mexico.

6. Impresora Y Editora Infagon S.A. De C.V. ("Infagon") was a Goss customer based in Mexico.

7. Art Laser Grafica E Editora LTDA. ("Art Laser") was a Goss customer based in Brazil.

8. Esdeva Industria Grafica S/A ("Esdeva") was a Goss customer based in Brazil.

9. In and around March, 2004, the defendant, P.W., and others known to the grand jury formed Zephyr Capital, LLC for the purpose of providing advisory services to foreign buyers of U.S. manufactured capital goods and services. In and around August, 2006, the defendant, P.W., and others known to the grand jury formed Zephyr Financial, LLC, as a successor company to, and for the same purpose as, Zephyr Capital, LLC.

## COUNT ONE
### [18 U.S.C. §§ 1349 & 1343 – Conspiracy to Commit Wire Fraud]

10. From in and around March, 2004, through in and around October, 2008, in the District of New Hampshire and elsewhere, the defendant,

James Bender,

knowingly and willfully conspired and agreed with P.W. to commit wire fraud in violation of Title

18, United States Code, Section 1343, in that they devised a scheme and artifice to defraud and obtain money from foreign customers of Goss International Americas Corporation by means of false and fraudulent pretenses, representations, and promises, by causing fraudulent invoices from Zephyr Capital, LLC and Zephyr Financial, LLC to be sent to some of Goss's foreign customers billing them for services that were not performed by Zephyr Capital, LLC and Zephyr Financial, LLC.

## Object of the Conspiracy

11.     It was the object of the conspiracy to obtain money from some of Goss's foreign customers by causing fraudulent invoices to be delivered to them that falsely billed them for credit underwriting services that were not performed by Zephyr Capital, LLC and Zephyr Financial, LLC.

## Manner and Means of the Conspiracy

12.     It was part of the conspiracy that the defendant and P.W. caused writings, signals, and pictures in the form of email correspondence and wire transfers of funds to be transmitted in interstate and foreign commerce by wire communication.

## Overt Acts

13.     In furtherance of the conspiracy and to effect the object of the conspiracy, one or more of the conspirators committed at least one of the following overt acts, among others, in the District of New Hampshire and elsewhere:

(a) On or about December 6, 2006, P.W. sent an email to a vendor with instructions about creating letterhead for Zephyr Financial, LLC;

(b) On or about February 3, 2007, P.W. sent an email to a vendor with instructions to

   discontinue Zephyr Capital, LLC email accounts and to include specific content on the Zephyr Financial, LLC website;

(c) On or about February 16, 2007, P.W. sent an email to a vendor with instructions to create two letterhead designs for Zephyr Financial, LLC, one of which was to include the Ex-Im Bank logo;

(d) On or about May 17, 2007, the defendant and P.W. caused Esdeva to wire transfer $95,874.47 to Zephyr Financial, LLC's account at Bank of America in response to receiving an invoice for credit underwriting services that Zephyr Financial, LLC did not perform;

(e) On or about November 15, 2007, the defendant and P.W. caused Infagon to wire transfer $29,999.20 to Zephyr Financial, LLC's account at Bank of America in response to receiving an invoice for credit underwriting services that Zephyr Financial, LLC did not perform;

(f) On or about December 28, 2007, the defendant and P.W. caused Art Laser to wire transfer $22,148 to Zephyr Financial, LLC's Bank of America account in response to receiving an invoice for credit underwriting services that Zephyr Financial, LLC did not perform;

(g) On or about September 4, 2008, P.W. sent an email to a Goss manager falsely stating that Grupo Grafico was obligated to pay Zephyr Financial, LLC for credit underwriting services that P.W. knew Zephyr Financial, LLC had not performed;

(h) On or about September 4, 2008, the defendant sent an email to a Goss manager in which he falsely stated he was not "entirely sure" who or what Zephyr Financial,

      LLC was; and

(i) On or about September 7, 2008, P.W. sent an email to a Goss manager in which he falsely stated that Goss had Zephyr Financial, LLC do work for Grupo Grafico when he knew that Zephyr Financial, LLC did not perform any work with respect to Grupo Grafico.

All in violation of Title 18, United States Code, Sections 1349 and 1343.

                                          A TRUE BILL

                                        /s/ Grand Jury Foreperson
                                        Grand Jury Foreperson

JOHN P. KACAVAS
United States Attorney


/s/ Mark S. Zuckerman
Mark S. Zuckerman
Assistant United States Attorney


Date: May 30, 2012